UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD NASH,** | Civ. No. 10-2113 (ES)(MAH) |
| Plaintiff, | |
| -v- | |
| | **REPORT AND RECOMMENDATION** |
| **GOVERNOR CHRIS CHRISTIE et al.,** | |
| Defendants. | |

This matter comes before the Court on the September 20, 2018 letter to the Court from Mr. Nash's pro bono counsel, seeking dismissal of Mr. Nash's claims pursuant to Fed. R. Civ. P. 25(a). The Undersigned did not hear oral argument and has considered this matter on the papers pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court respectfully recommends that the District Court dismiss Mr. Nash's claims pursuant to Fed. R. Civ. P. 25(a) and terminate the Cole Schotz firm's pro bono representation of Mr. Nash.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case has a long procedural history, with which the parties and pro bono counsel are familiar. The Court, therefore, will not go into great detail, and recites only the procedural history necessary for resolution of this matter.

On February 21, 2018, counsel for Mr. Nash notified the Court that Mr. Nash had passed away on February 16, 2018. Letter, Feb. 21, 2018, D.E. 64. Counsel also requested that a telephone call be scheduled to address the next steps in this case in light of Mr. Nash's passing. *Id.* On March 27, 2018, the Court held a telephone status conference with the parties and entered an Order, *inter alia*, directing counsel for Mr. Nash to file a letter with the Court

indicating "the efforts of counsel to locate family members o[f] Ronald Nash or other putative administrator for the Estate of Ronald Nash, and whether any such family member/putative administrator has been identified and contacted."  Order, March 27, 2018, D.E. 69.  On May 29, 2018, counsel for Mr. Nash advised the Court of the steps it had taken to locate family members of Mr. Nash and determine the administrator of his estate.  Letter, May 29, 2018, D.E. 72.  Counsel sought, on behalf of Mr. Nash's son and niece, a ninety-day extension of time for a qualified representative of Mr. Nash to move to be substituted as a party to this action pursuant to Fed. R. Civ. P. 25(a).  *Id.* at 2.  On June 15, 2018, the Court entered an Order finding good cause within the meaning of Fed. R. Civ. P. 6(b)(2) for an enlargement of the time within which to file a substitution motion and granted counsel's request for a ninety-day extension for a qualified individual to move to be substituted as a party to the action pursuant to Fed. R. Civ. 25(a).  Order, June 15, 2018, D.E. 73.  On September 20, 2018, counsel notified this Court that the ninety-day extension had expired, and no qualified individual had moved to be substituted as a party to this action.  *Id.*  Accordingly, counsel now seeks a dismissal of Mr. Nash's claims and to be relieves as appointed counsel.  *Id.*

## II.     DISCUSSION

Federal Rule of Civil Procedure 25(a) provides, in pertinent part, that "if a party dies and the claim is not extinguished. . . a motion for substitution may be made by . . . the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  Rule 25(a)(1) also mandates that the action by a decedent be dismissed "if the motion is not made within 90 days after service of a statement noting the death."  *Id.*; *see also Young v. City of Newark*, No. Civ. A. 17-1668 (SDW), 2018 WL 935427, at *1 (D.N.J. Feb. 16, 2018).  The Court may exercise its discretion under

Fed. R. Civ. P. 6(b)(2) to enlarge the time within which to file a substitution motion. *Tatterson v. Koppers Co., Inc.*, 104 F.R.D. 19, 20-21 (E.D. Pa. 1984).

Mr. Nash's counsel notified the Court on February 21, 2018 of his passing. Counsel diligently sought out any successor who would serve as a substituted party to this action. Despite those diligent efforts and this Court's June 15, 2018 Order granting an extra ninety days for counsel to locate that party, those efforts have proven unsuccessful in that no one has come forward to serve as the plaintiff in this matter. As Rule 25(a)(1) requires dismissal if the motion to substitute is not filed within the ninety-day period (here, 180 days with the extension), the Court concludes that Mr. Nash's claims should be dismissed at this time.

### III.     CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that Mr. Nash's claims be dismissed pursuant to Fed. R. Civ. P. 25(a)(1), and the Cole Schotz firm's pro bono representation of Mr. Nash be terminated. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ *Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: September 25, 2018